HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. JOHN PATTERSON.

Decided January 4, 1899.

1. **Negligence—Definition.**

See charge defining negligence held to be unnecessarily complex, if not confusing and misleading, and requested charge on the subject held preferable.

2. **Railway—Negligence—Crossing Signals.**

The statutory requirement that signals be given from a locomotive at a distance of eighty rods from a crossing is inapplicable where it starts in motion from a point at less distance.

3. **Requested Charge—Applying Law to Specific Facts.**

See requested charges on contributory negligence, applying the law to a specific group of facts, which it was error to refuse.

**4. Same.**

The fact that the general charge referred the jury to the matters specifically alleged as contributory negligence in the answer, as constituting a defense, did not justify the refusal of a charge in which such facts were grouped and declared to present a defense.

**5. Burden of Proof—Charge.**

Where evidence is introduced both to support and to disprove the issue, there is no necessity for a charge on the burden of proof.

**6. Fellow Servants—Brakeman and Engineer of Yard Engine.**

A brakeman upon a freight train was not in common service nor a fellow servant, under the statute, with the engineer of a switch engine in the yards, by which he was run down.

APPEAL from Travis. Tried below before Hon. F. G. MORRIS.

*Frank Andrews,* for appellant.

*Ward & James* and *Henry Faulk,* for appellee.

KEY, ASSOCIATE JUSTICE.—The brief of appellant correctly states the nature and result of the case, as follows:

"This suit was instituted in the District Court of Travis County, Texas, on October 1, 1895, in which the plaintiff sought to recover damages against the defendant for injuries alleged to have been inflicted upon the plaintiff through the negligence of the defendant in its yards in Austin, on or about the 8th day of February, 1895, which resulted in the loss of a leg; it being amputated about midway between the ankle and the knee, and other injuries to the side and back. The negligence charged was a failure to ring the bell and blow the whistle at a crossing, and running at a high rate of speed in the corporate limits of the city of Austin, contrary to ordinances.

"The defendant answered by general demurrer, by general denial, and by special pleas of contributory negligence, which will be noted further, and specially setting up that the plaintiff was in a play, romp, or frolic with one Charlie Lankford, in which the said Lankford was pretending to burn the plaintiff with a hot iron, and in said romp the plaintiff, without paying any attention to where he was going, and without any business at said place, ran into the defendant's engine and received whatever injuries he sustained through his own carelessness and negligence in that behalf, and that he went on and upon said crossing without stopping, or looking, or listening, or exercising any care for his own protection, and that if he had stopped, or looked, or listened, or exercised any other precaution, he could easily have discovered the approaching engine in time, by the exericse of ordinary care, to have avoided all injury, all of which was fully set out and pleaded in detail. The defendant also set up the defense that the plaintiff was a fellow servant of the engineer, and had no cause of action on that account.

"On a trial of the case, on the 26th day of April, 1898, upon a verdict of the jury to that effect, judgment was rendered in favor of the plain-

tiff for $2600. Motion for new trial was duly made and filed, which, upon hearing, was by the court overruled, June 20th, to which ruling the defendant in open court excepted and gave notice of appeal, and the appeal was duly perfected by the filing of a statement of facts, appeal bond, and assignments of error."

The case was submitted to the jury upon the following instructions:

"The plaintiff sues the defendant railroad company for damages for personal injuries, alleged to have been caused by negligence of defendant's employes, consisting in carelessly running a switch engine at a dangerous rate of speed, above six miles an hour, in the city of Austin, across a public street, without keeping a lookout for persons who might be hit by the engine, or ringing a bell or blowing a whistle on the engine at least eighty rods distant from a street crossing; in failing to bring the engine to a full stop before crossing the street on which the plaintiff was passing, and in carelessly and negligently leaving cars on the tracks of defendant so as to obstruct plaintiff's view of the engine which struck him.

"The defendant answers and denies the allegations of plaintiff's petition, and pleads as a defense: First, that its employes were operating its engine in a careful and prudent manner, and that plaintiff was injured through his own negligence in failing to look out for the engine, when he knew it was being operated in the switch yard. Second, that plaintiff's injury was caused by his own negligence, in that, while he was not engaged in any business for defendant, he engaged with Charles Lankford in an altercation or play, and carelessly and negligently, while so engaged, ran into the moving engine, and was hurt under circumstances under which the engine could not have been stopped so as to prevent injury after it appeared that plaintiff would run in front of the engine. That plaintiff was well aware of the danger of running carelessly into the switch yard, where engines and cars were moving or likely to be moving at any time. The details of negligence charged by plaintiff and of the negligence of plaintiff charged by defendant to have existed are set out in the pleadings of the parties, to which you are referred for the details thereof.

"1. Railroad companies are not liable for damages in all cases in which their employes cause injury to others, but only when injury is caused by negligence of its employes and without negligence on the part of the person injured which contributed proximately to the injury complained of. Hence it is necessary for the court to define negligence to you, and for you to determine from the evidence whether plaintiff's employes were guilty of negligence which was the proximate cause of the injury inflicted upon plaintiff, and if you find that the defendant's employes were thus negligent, then, whether plaintiff was also guilty of negligence which contributed proximately to his injury.

"2. Negligence, in any given case, consists in the failure by a person or persons to perform a duty imposed by law, or the doing of that which

is forbidden by law, intended in either case to prevent injuries by requiring certain measure of care, or in the failure to use such care in acting or refraining from acting to avoid injuries to others which ordinarily prudent persons usually exercise to avoid injuring others under similar circumstances to those existing in the case under consideration.

"3. Contributory negligence consists of negligence by the party inflicting the injury and negligence on the part of the injured person, when the negligence of each contributed proximately to the injury and when the injury would not have occurred, notwithstanding the negligence of the party inflicting the injury, if the injured person had not been negligent.

"4. It was the duty of the defendant, under the ordinances of the city of Austin, to refrain from running its engines at a greater rate of speed than six miles per hour in the corporate limits of the city of Austin, and the running of its engines or any of them at a greater rate of speed than six miles an hour would be negligence on the part of the defendant.

"5. It was the duty of defendant's employes to ring the bell and blow the whistle on the engines of defendant, at least eighty rods from the place where the railroad crosses a public street, and the failure to cause such bell to ring and whistle to blow at this distance before crossing a street would be negligence.

"6. If the jury do not find from the evidence that the defendant's employe or employes was or were guilty of negligence of a nature charged in plaintiff's petition, which was a proximate cause of injury to plaintiff, you will find for the defendant, whether you shall find that plaintiff was guilty of negligence or not.

"7. If you shall find from the evidence that the defendant was guilty of negligence in some or all of the particulars charged in plaintiff's petition, and that such negligence contributed proximately to the injury of plaintiff, you will find for the plaintiff unless you shall further find that plaintiff was also guilty of negligence in some one or all of the particulars charged in defendant's answer against plaintiff, and that such negligence of plaintiff contributed proximately to his injuries, and that the injury would not have occurred but for such negligence of plaintiff, in which event you will find for defendant.

"8. If the jury shall find for the plaintiff, they will assess his damages at such sum of money as they believe from the evidence will fairly compensate him for the physical and mental suffering which he has undergone by reason of such injuries, and will probably undergo in the future, if any; for the value of the time he has lost and will probably lose in the future, if any, by reason of such injuries, and for the expenses for medicines and doctor's bills reasonably incurred by him for attention and treatment of his injuries.

"9. If the jury do not find for the plaintiff, they will return a verdict for the defendant."

The defendant requested the court to give the following among other special charges, which the court declined to do:

"1. Negligence is the want of such care as an ordinarily prudent person would exercise under the same circumstances.

"Contributory negligence is the want of such care as an ordinarily prudent person would exercise under the same circumstances, which is concurred in by the negligence of the person injured, and but for which such injury would not have occurred.

"If you believe from the evidence in this case that the plaintiff, John Patterson, was guilty of contributory negligence, as herein defined, and that but for such negligence on his part he would not have been injured, then under the law he is not entitled to recover, and it will be your duty, without inquiring into the negligence of the defendant, to return your verdict for the defendant.

"2. If you believe from the evidence that the plaintiff, John Patterson, in approaching the place where he was injured, failed to stop or look or listen for an approaching engine or train on said track where he was injured; and you further believe that if he had stopped or looked or listened that he could and would have discovered said approaching engine in time to have avoided contact therewith and injury thereby, and you further believe that such failure, if any, to stop or look or listen was negligence on his part, and that such negligence contributed directly and proximately to the injury, then he is not entitled to recover, and your verdict must be for the defendant.

"3. If you believe from the evidence that the plaintiff, John Patterson, was in a romp or play with one Charles Lankford, on the occasion of and just prior to his accident, and that in such romp or play the said Charles Lankford pretended or threatened to strike or burn the said plaintiff, John Patterson, with a hot iron, and that the said Patterson, in play or otherwise, walked, ran, or fled from before the said Lankford towards and to the spot where he was injured, and that his romp or play or flight was the direct and proximate cause of his failing to see the approaching engine, if he did so fail, and that such conduct, if any, was negligence on his part under all the circumstances, and that such negligence contributed directly and proximately to his injury, then the defendant would not be liable, and you will return your verdict for the defendant."

*Opinion.*—The first and second assignments of error complain of the definition of negligence and contributory negligence in the court's charge, while the seventh assignment charges error in refusing the special instructions asked by appellant defining negligence and contributory negligence.

We see no objection to the court's definition of contributory negligence, but its definition of negligence is unnecessarily complex, if not confusing and misleading. The definition submitted by appellant is approved

by many Texas decisions, and would be more likely to lead the jury to a correct understanding of the law of the case.

Under the fourth assignment, appellant contends that it is not the duty of persons operating a railway engine to ring the bell and blow the whistle eighty rods from the place where the railroad crosses a public street, when the engine starts within a less distance than eighty rods from the street. This proposition is correct. Railway v. Nycum, 34 S. W. Rep., 460. And if it shall appear upon another trial that the engine was not eighty rods from the public street when it started to move, no doubt the court will make its charge conform to the case cited. On the point under consideration the evidence is not very clear, and we deem it unnecessary to say anything more on this subject.

The question raised under the sixth assignment, asserting error in so much of the charge as authorized the jury to allow compensation for medicines and doctor's bill, is not likely to arise upon another trial, as the value and reasonableness of the medicines and physician's services will doubtless be proved.

The eighth and ninth assignments are addressed to the action of the court in refusing the special charges submitted by appellant and copied in the foregoing statement, on the subject of contributory negligence; in which charges the facts and groups of facts, pleaded by appellant as contributory negligence, are specifically stated and findings of the jury invoked thereon.

In our opinion, the trial court committed reversible error in refusing these special charges. These phases of contributory negligence were raised by the pleadings and evidence, and appellant had the right, upon demand, to have them clearly, distinctly, and affirmatively submitted to the jury, with as much detail as the special charges contain. Railway v. Shieder, 88 Texas, 166; Railway v. McGlamory, 89 Texas, 635; Railway v. Rogers, 16 Texas Civ. App., 19.

It is contended by counsel for appellee that the charge of the court on this subject was so full and complete as to justify the refusal of the special charges referred to. It is true, the court's charge, in substance, describes the pleas of contributory negligence, without stating all their details, and refers the jury to the pleadings for the details, and directs them, if they find that the railway company was guilty of negligence in some or all of the particulars charged in the plaintiff's petition, and that such negligence proximately contributed to the plaintiff's injury, to find for him, unless they should further find that plaintiff was also guilty of negligence in some one or all of the particulars charged in the defendant's answer against the plaintiff, etc. But this did not present appellant's side of the case as clearly, distinctly, and specifically as it had a right to have it presented. If the defendant's pleas of contributory negligence had already been read to the jury, they may not (at the time the court read its charge to them) have remembered the particular acts of contributory negligence charged therein; and while the court's charge directs them to the pleadings for the details of the negligence pleaded,

it is not made to app'ear (and we have no means of knowing) that the jury, while considering of their verdict, read or considered the defendant's pleas of contributory negligence.

In the cases cited above, the court in general terms charged on contributory negligence, but in the McGlamory case, the Supreme Court say: "But the charge of the court nowhere undertakes to apply the law to the evidence adduced in support of said special plea of contributory negligence. This being true, the correct rule is that the defendants had the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts, which, if true, would in law establish such plea, and instructing them that if they found such group of facts to be established by the evidence, to find for the defendants. And this would be true if proper charges had been asked as to each of the several special pleas of contributory negligence presented by the record. Any other rule would deprive litigants of their right to have the court explain to the jury the principles of law applicable to the very facts constituting a cause of action or defense, so that they may intelligently pass upon the various complicated issues frequently presented for their determination in one case under our practice." And in the Rogers case, after approving the McGlamory case, the court say: "It is especially appropriate in this class of cases to submit to the jury the group of facts which it is claimed constitutes negligence of either party, and to instruct them what to do, if they find the facts to be true or not. Such a charge directs the minds of the jury to the very facts in issue, and invokes their judgment upon the evidence relative to that issue."

So in this case, the special charges referred to, if given, would have directed the minds of the jury to the very facts in issue and invoked their judgment upon the evidence relative to such issues.

It is true that if the jury pursued a course authorized by the charge of the court, they may have obtained as clear a conception of the rights of appellant and of their duty as jurors as they would have obtained from the charges refused; but as it is not made to appear that such course was pursued by the jury, we must hold that the action of the court in refusing the special charges constitutes reversible error.

Some of the other instructions requested by appellant reiterated the principles of law involved in the special charges above considered. Of course, when a court has given one charge fully covering a particular phase of the case, it is not proper to reiterate such charge.

Some other special charges related to questions of contributory negligence that were not raised by the pleadings, and of course were properly refused.

The action of the court in refusing appellant's charge upon the burden of proof is sustained by Stooksbury v. Swan, 85 Texas, 563.

As held on the former appeal (40 Southwestern Reporter, 442) we do not think the evidence shows that appellee's injuries were caused by the act or negligence of a fellow servant, as that term is defined by our stat-

ute; and we therefore hold that no error was committed in refusing appellant's special charge directing a verdict for it. If, because neither had supervision or control over the other, and both were working under a common control and for the purpose of moving cars about the yard for the purposes of the road, constitutes them fellow servants, although appellee had nothing whatever to do with the engine by which he was injured, and the engineer operating said engine was performing no service whatever in connection with the train upon which appellee was then serving as brakeman, then it is submitted that the crews operating different trains on the same division of a railroad are fellow servants. In the latter instance the employes would be as much in the same department of service, working as much for a common purpose and as independent of the control of each other as they were in this case; and yet it is held by the Supreme Court, in Railway v. Warner, 89 Texas, 475, that two train crews so situated are not fellow servants. The reason given is, that they are not engaged in a common service, because they are not jointly managing a train for their employer. So in this case, the engineer of the engine by which appellee was injured and appellee were not jointly managing or handling either the train upon which appellee was brakeman or the engine by which he was hurt.

Assignments of error presenting other questions are not regarded as meritorious, and will be overruled.

For the error pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*