STRAWN COAL CO. v. TROJAN. (No. 700.)

·(Court of Civil Appeals of Texas. El Paso. May 10, 1917.)

1. EVIDENCE ⬯471(17) — ADMISSIBILITY — CONCLUSIONS OF WITNESS.

In servant's suit for injuries, a fellow servant could not testify that the motorman who injured the servant was careless, since that represented his own conclusion.

2. TRIAL ⬯110—CONDUCT — ARGUMENT OF COUNSEL.

In employé's action for injuries, it was prejudicial for counsel to inquire three times after adverse ruling whether witness had been paid anything for his injuries and to argue that the master knew as was liable because it had paid such employé for injuries at the hands of the same motorman whose car injured plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 271.]

3. MASTER AND SERVANT ⬯296(11)—INJURIES TO SERVANT—SUBMISSION OF ISSUES.

Submission of issue whether plaintiff was guilty of negligence and disregardful of his own safety, which contributed to the injuries, is insufficient to submit the issue made by the testimony whether plaintiff could have reached a place of safety after he saw or could have seen ·or heard or should have heard the approaching motor by the exercise of ordinary care for his ·own safety, and whether if he could have reached the place of safety his failure ·to do so contributed to his injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1188.]

4. APPEAL AND ERROR ⬯757(3)—SCOPE OF REVIEW—BRIEF—SUFFICIENCY.

In view of rule 31 (142 S. W. xiii), making it the duty of the appellant in its brief to show what the evidence disclosed upon the issues, the ·court on appeal will not review a submitted special issue on the ground that it assumed the facts where the evidence was not incorporated in the brief, and it may have been that the ·court was warranted in making the assumption.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092.]

5. TRIAL ⬯255(11)—REQUEST FOR SUBMISSION OF ISSUE.

Where a servant's case for injuries was submitted on special issues, failure to submit the issue whether the negligent acts were the proximate cause of the injuries was not error in absence of request under Rev. St. art. 1985.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 637.]

6. TRIAL ⬯191(10)—INSTRUCTIONS.

Instruction that in passing on issue of damages the jury must assess them at such sum as will reasonably compensate for the physical pain and the reasonable value of plaintiff's services and such sum as would fairly compensate for future pain and for diminished earning capacity, and that recovery should be reduced in the proportion his negligence contributed to

his injuries, is erroneous as assuming the liability of the master.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 430.]

Appeal from District Court, Palo Pinto County; W. J. Oxford, Judge.

Action by Emil Trojan against the Strawn Coal Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Ritchie & Cousins, of Mineral Wells, for appellant. W. H. Penix, of Mineral Wells, and Allen D. Dabney, of Eastland, for appellee.

HIGGINS, J. Appellee, Trojan, brought this suit against appellant to recover damages on account of personal injuries. Trojan was a miner working in appellant's coal mine, and had started from his place of work in the mine to the bottom of the mine shaft to leave the mine. In so doing he was traveling a narrow passageway along which motorcars were operated. While so passing, a motorcar operated by defendant's employé Willetts ran over him, inflicting severe injuries. The following allegations of negligence were made:

"(1) In failing to furnish plaintiff with a safe passageway to and from his place of labor in the mines of defendant; (2) in operating said cars at the rapid speed at which they were being operated; (3) in failing to stop said cars when notified of plaintiff's presence in front of said cars; (4) in permitting a curve to exist in said motorcar track at the place where it does exist; (5) in failing to check the speed of said cars at said curve; (6) in not keeping a lookout for men, and especially the plaintiff, on the tracks of the defendant about 2 o'clock in the afternoon while they were passing out of said mine; (7) in failing to stop said cars after the motorman discovered the peril and danger of this plaintiff; (8) in failing to maintain proper and sufficient manholes in the walls of ·the passageway aforesaid; (9) in employing an *experienced* and negligent motorman to handle said cars; (10) in failing to post rules and regulations to govern its said employés which it at the same time had not done.

"In this connection this plaintiff alleges that said motorman was negligent, reckless, incompetent, and incapable of handling said cars in a proper manner, and, further, that he was reckless, careless, and negligent in addition to being unskilled and incompetent, all of which the defendant well knew.

"This plaintiff will show to the court that the defendant did not have and maintain at the time above mentioned rules to govern its employés in its said mine."

Defendant pleaded a general denial and contributory negligence.

The case was submitted to a jury upon special issues, which, with their answers, read:

"No. 1. Was the defendant guilty of negligence which caused or contributed to plaintiff's injuries by operating the cars at the rate of speed at which they were being operated at the time and place they struck plaintiff? Answer: It was.

"No. 2. Was the defendant guilty of negligence that caused or contributed to plaintiff's injuries in failing to stop the cars after plain-

tiff's presence in front of same was discovered by a motorman and before they came in contact with plaintiff? Answer: It was.

"No. 3. Did the agent of plaintiff in charge of said motor keep a lookout for men and for plaintiff on the track of the defendant at the time and place that plaintiff was injured? Answer: He did not.

"No. 4. If you have answered special issue No. 3 in the negative, then did the failure of defendant's agent in charge of said motor to keep a lookout for men and for plaintiff on the track at the time plaintiff was injured cause or contribute to plaintiff's injuries; and (a) if it did, was this act on the part of said agent or motorman 'negligence' as that term is hereinbefore defined? Answer: It did. (a) It was.

"No. 5. Was Charlie Willetts an inexperienced and incompetent motorman or a reckless, careless, and negligent one at the time of plaintiff's injuries? Answer: He was.

"No. 6. If you have answered special issue No. 5 in the affirmative, then did the defendant exercise ordinary care in the selection of the said Charlie Willetts to operate said car? Answer: It did not.

"No. 7. Was the plaintiff guilty of negligence and disregardful of his own safety which contributed to his injuries? Answer: He was not.

"No. 8. What sum of money now will compensate plaintiff for the injuries, if any, that he has sustained by reason of coming in contact with said motor and cars? Answer: $4,000.

"Special issue No. 1 requested by defendant: (a) Was the plaintiff or not, immediately preceding his being struck by the motor, in the manhole? Answer: No. (b) If you have answered the above in the affirmative, was his getting out of the manhole in front of the approaching motor, if he did so, the proximate cause of his injury? Answer: No."

In accordance with the findings, judgment was rendered for the plaintiff, and defendant appeals.

Error is assigned to the action of the court in refusing to suppress the depositions of the witnesses Horn and Harris upon the ground that the certificate of the officer taking the depositions was insufficient. The certificate was in substantial compliance with the statute, and the motion was properly overruled.

[1] The witness Bigham, brakeman upon the car which ran over plaintiff, was permitted to testify that the motorman, Willetts, was careless and reckless in the operation of the car. This was a conclusion of the witness upon an issue which it was the province of the jury to pass upon, and its admission was error.

Appellant's bill of exception No. 12 shows that:

"While the witness Ollie Bigham was testifying on behalf of the plaintiff, and after having stated that for some time previous to plaintiff's injury he had been working as brakeman along with the motorman, Charlie Willetts, and that a part of his duties as such brakeman were to couple and uncouple cars and after having been permitted by the court, over defendant's objection, to state that he has received an injury in his hand while so coupling cars a short time previous to plaintiff's injury, Charlie Willetts being the motorman operating the motor at the time of witness' said injury, plaintiff's counsel thereupon further asked the said witness Bigham whether the defendant had allowed or paid him damages or compensation on account of the injury to his hand.

"Defendant thereupon objected to the testimony sought to be elicited from the witness, which objections were by the court sustained.

"A few moments later, while the said witness was still being examined by plaintiff's counsel, said counsel again propounded to the witness the same interrogatory in substance as that last above set out. Defendant thereupon renewed its said objection, and said objection was again by the court sustained.

"Again, and for a third time, during the examination of the said witness, plaintiff's said counsel asked him whether he had not been paid damages or compensation by the defendant company on account of the injury to his said hand. Whereupon defendant's counsel objected to the conduct of plaintiff's counsel in repeating the said question and in persisting in asking the witness for an answer to the said question and in persisting in asking the witness for an answer to the said question after defendant's objection thereto had been sustained by the court, because said conduct was highly improper, was intended and was calculated to leave the impression on the jury that defendant had paid witness damages because injured through the negligence of the said motorman, and because the said conduct of counsel as above described and in attempting to get before the jury illegal evidence was highly hurtful and prejudicial to defendant's cause.

"Defendant further requested the court to instruct the jury to disregard, and not to consider, the said conduct and proceedings, and requested the court to reprimand said counsel, which request was by the court refused."

This bill was approved with the explanation that the jury was instructed by the court that the proposed evidence was not proper, and did admonish counsel for plaintiff to pursue it no further.

By another bill it was shown that while counsel for plaintiff was making the closing argument to the jury he made to the jury the following statements, to wit:

"The coal company paid Ollie Bigham for the injury to his hand. Why did they do it? Because they knew they were liable and knew that he had been hurt by Charlie Willetts' negligence and carelessness. Corporations don't pay their workmen for injuries unless they know they are liable."

To which remarks and statements of counsel the defendant excepted at the time, and requested the court to instruct the jury not to consider same, which request was by the court granted and the jury so instructed.

Counsel for the defendant further objected and excepted to the conduct of counsel and to the said statements and remarks of counsel on the ground that there was no testimony in the record tending to show that the defendant coal company had paid to the witness Ollie Bigham any 'damages or compensation for his said injury or showing that the said company recognized in any way any liability to the said Bigham or that he had been injured by the negligence of the said Charlie Willetts, and on the further ground that the court had repeatedly' sustained objections to the said testimony from plaintiff's said witness, and on the ground that said remarks and statements of counsel were highly improper and were calculated to and were intended by counsel to inflame the minds of the jury and to prejudice the rights of the defendant in the minds of the jury

on the issue of the said Motorman Willetts' competency or incompetency as well as other issues in the cause.

[2] That the argument made to the jury as above indicated was improper is obvious. Equally so was the repetition of the objectionable questions. The latter conduct was simply an effort to place before the jury evidence highly objectionable and prejudicial. It indirectly had that effect. We are loath to reverse cases on account of improper argument and objectionable conduct in the examination of witnesses, realizing that in the argument and development of evidence counsel will often by inadvertence stray from the strict rules. But where the conclusion is irresistible that it has been deliberately done with the manifest purpose of obtaining an unfair and improper advantage, and such conduct is reasonably calculated to effect its purpose, we do not hesitate to reverse therefor. This case falls within that category. This objectionable argument and conduct was aggravated and intensified by other argument of plaintiff's counsel complained of in the seventeenth, eighteenth, and nineteenth assignments, which was likewise improper. The assignments mentioned are all sustained. Galv. Elec. Co. v. Dickey, 56 Tex. Civ. App. 490, 120 S. W. 1134; Rotan v. Maedgen, 24 Tex. Civ. App. 558, 59 S. W. 587; C., R. I. & P. Ry. v. Langston, 19 Tex. Civ. App. 568, 47 S. W. 1027, 48 S. W. 613, and cases cited; Ft. Worth, etc., Ry. v. Hays, 51 Tex. Civ. App. 114, 111 S. W. 446.

Defendant pleaded that plaintiff's injury was the proximate result of his own negligence and willful disregard of his own safety, that defendant's entry in which the injury occurred was equipped with manholes or places of refuge at intervals not exceeding 60 feet, and that at the point where plaintiff was struck by the motor he could and did hear the loud noise and roar made by the moving motor and cars for a distance of at least 500 feet, and could and did see the headlight on the approaching motor for a distance of at least 140 feet from the point of the accident, and that when thus apprised of the approach of the motor and cars plaintiff had ample time to reach and take refuge in one of the said manholes until the passing of the motor and cars.

[3] The issue of contributory negligence was submitted in issue No. 7, quoted above. Defendant requested the submission of its special issue No. 3, as follows:

"(a) Could plaintiff or not have reached a manhole or place of safety after such time as he saw or could have seen or heard or should have heard the approaching motor by the exercise of ordinary care for his own safety?

"(b) If you have answered the above subdivision in the affirmative, then state whether or not plaintiff's failure so to do caused or contributed to his injury."

The defendant was entitled to the submission of an issue grouping the facts pleaded by it as constituting contributory negligence on plaintiff's part, if there was evidence supporting the same. There was evidence to support the same, and the issue submitted by the court did not comply with the rule indicated. The refusal to submit the issue was error. Railway Co. v. Patterson, 20 Tex. Civ. App. 255, 48 S. W. 747; Railway Co. v. Helm, 93 S. W. 697; Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Railway Co. v. Worth, 107 S. W. 958.

[4] Error is assigned to special issue No. 2 upon the ground that it assumes as a fact that the motorman in charge of the car discovered plaintiff's presence in front of the same in time to stop it before striking him. The subjoined statement fails to show the state of the evidence upon this issue. It may have been such that the court was warranted in making the assumption. The appellee has filed no brief and in order to ascertain the evidence upon this issue would necessitate a perusal of the entire statement of facts of 172 pages. We will not make this search as it was the duty of appellant in its brief to show what the evidence disclosed upon this issue. Rule 31 (142 S. W. xiii). For the reason indicated, this assignment is overruled.

[5] Error is assigned to issues Nos. 1, 2, and 4 because such issues do not require the jury to find whether or not the several matters of negligence therein inquired about were the proximate cause of plaintiff's injury, but require only a finding as to whether the said several acts of negligence either caused or contributed to plaintiff's injury. Since the case was tried upon special issues, the failure to submit the issue of whether or not the negligent acts were proximate causes of the injuries to plaintiff does not constitute reversible error. Article 1985, R. S.

What is here said disposes also of the sixteenth assignment adversely to appellant.

In connection with special issue No. 8, the jury were instructed as follows:

"In passing on special issue No. 8 you will assess the plaintiff's damages at such a sum of money, paid now, as will reasonably compensate him for the physical pain that he has suffered by reason of said injuries from the date of said injuries to the date of this trial, if any, and if you believe from the evidence that the plaintiff has been incapacitated to perform labor since said injuries, then at such a sum of money paid now, as you believe from the evidence to be the reasonable value of plaintiff's services from the date of said injuries to the date of this trial, and if you further believe from the evidence that plaintiff will suffer physical pain in the future, then at such a sum of money, paid now, as will fairly compensate him for the physical pain that he will suffer in the future on account of said injuries, and if you further believe from the evidence that the plaintiff's injuries are permanent, and that his capacity to earn money in the future has been diminished by reason of said injuries, then at such a sum of money paid now, as you believe from the evidence will fairly compensate plaintiff for his diminished capacity to earn money in the future, and if you further believe from the evidence that the plaintiff was guilty of negligence which contributed to his injuries, in that event you will diminish the damages which

you assess in proportion to the amount of neg-ligence attributable to him in connection with said accident."

[6] It is objected to this charge that it assumed the liability of defendant. This objection is well taken.

The sixth, seventh, eighth, tenth, thirteenth, and fourteenth assignments are regarded as being without merit and are overruled. Reversed and remanded.