### CASS et al. v. GREEN et al. (No. 6164.)

(Court of Civil Appeals of Texas. Austin. April 6, 1920. On Motion for Rehearing Nov. 3, 1920.)

1. **Adverse possession** ⟐⟐68—**Five-year statute available only where deed purports to convey title.**

Limitation under 5-year statute of limitations is available only when the party asserting it claims under a deed purporting to convey the property claimed, and does not apply to land more than 90 feet from a street, when the deed purports to convey only 90 feet.

On Motion for Rehearing.

2. **Boundaries** ⟐⟐40(1)—**Evidence insufficient to raise boundary line issue for jury.**

In trespass to try title as to a strip of land claimed by limitations, evidence *held* not to raise issue of boundary, and court did not err in refusing to submit such issue to the jury.

3. **Trespass to try title** ⟐⟐45(1)—**Limitations should be clearly and affirmatively submitted as raised by pleadings and evidence.**

A party to an action in trespass to try title, claiming by limitations, was entitled to have such issue, as raised by the pleadings and have such issue, as raised by the pleadings and

evidence, clearly, distinctly, and affirmatively submitted to the jury, and the court erred in not giving at such party's request more than a general instruction as to limitations.

4. **Trial** ⟐⟐253(3)—**Error to refuse requested charge omitting to mention undisputed facts.**

In trespass to try title, court erred in not giving an instruction requested by a party claiming under the 10-year statute of limitations merely because it omitted to require a finding of cultivation, use, or enjoyment of the property, where, under the undisputed testimony, the land had been used and enjoyed for the necessary period; the only issue being whether or not the use was adverse.

Appeal from District Court, Milam County; W. C. Davis, Special Judge.

Suit by A. L. Green and others against Mrs. Lula Cass and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

W. A. Morrison, of Cameron, for appellants.

Henderson, Kidd & Henderson, of Cameron, for appellees.

KEY, C. J. A. L. Green and his wife, Lucile Hood, Florine Hood, and John R. Hood, as plaintiffs, brought this suit against Mrs. Lula Cass and Milam County Lumber Company, in trespass to try title, seeking to recover a 10-foot alley, and have it restored to its use as such, and to recover its rental value; or, in the alternative, the damages sustained by the plaintiffs on account of the obstruction of the alley by the defendants.

Mrs. Cass filed a plea of not guilty, and pleaded the 5 and 10 years' statutes of limitation, and sought to have the alley located and opened on and along a strip of land different from that sued for by the plaintiffs, and upon land claimed by the latter. The other defendant filed a disclaimer.

In its charge to the jury, the trial court defined and explained the 10-year statute of limitation, and then submitted to the jury two special issues, which were:

"(1) Is the plaintiffs' cause of action for the recovery of the land sued for barred by the statute of 10-year limitation? Answer Yes or No."

"(2) What is the reasonable value per annum, if any, to the plaintiffs A. L. Green and Fannie A. Green, for the use as an alley of a strip of land lying between the fence on the north of their property and the south line of the Cass property?"

The jury were also instructed that upon the first issue submitted the burden of proof rested upon the defendant Mrs. Cass, and that upon the second issue the burden of proof rested upon the plaintiffs A. L. Green and his wife. The jury gave a negative answer to the first issue, and $25 per annum

---

as their answer to the second issue; and the court rendered judgment in favor of the plaintiffs against the defendants, who were contesting their right to recover, for the recovery of the strip of land sued for by plaintiffs for use as an alley, and for the sum of $95.83, for the value of the use to the plaintiffs of the strip of land as an alley for 3 years and 10 months, the period of time which had elapsed between the commencement of the suit and the trial; and the defendants referred to have appealed.

The property in controversy is part of what is known as lot No. 3, in the city of Cameron. Both parties claim under John W. Hood and his wife; the defendants' title being the older. The deed from the Hoods to N. Cass, under whom the defendants claim, describes their property as being a part of lot No. 3, and beginning at the northeast corner; thence running south 71° west 90 feet to a corner; thence west 210 feet to the west line of the lot; thence north along the west line 90 feet to corner on Belton street, same being the northwest corner of lot No. 3; thence east along the north line of lot No. 3, 210 feet to the place of beginning, same being 90x210 feet. The deed also contains the stipulation that an alley 10 feet in width is to be left open for all time between the land conveyed to N. Cass and the balance of lot No. 3. The deed referred to is dated July 20, 1889, and was duly recorded October 12, 1891.

The plaintiffs claim title under subsequent deeds from the heirs of John W. Hood and his wife; and, while they concede the existence of the alley stipulated for in the deed under which the defendants claim, their contention is that the defendants have taken possession and deprived the plaintiffs of the use of the alley. Evidence was presented tending to show the existence of a fence running through the block from east to west, and near the center thereof; and the defendants contend that their south line extends to that fence, and that the alley in question should be located south of the fence. The plaintiffs contend that the defendants' south line does not extend to the fence referred to, but stops 10 feet short thereof, and that the intervening space constitutes the alley in question. Without discussing in detail the various assignments of error, we hold that the testimony raised an issue of boundary, and that the trial court committed error when it refused to submit that issue to the jury, as requested by the defendants.

There was testimony tending to show that a fence was built at the place referred to soon after the Hoods sold to Dr. N. Cass; and there was also evidence tending to show that the Hoods left the alley open on the south side of that fence, and that Dr. Cass and Mrs. Cass, his surviving wife, who holds under him, and the other defendants who are her tenants have used all of lot No. 3 located north of that line. There was also some testimony tending to show that encroachments had been made by the property owners on the south side of the street upon which lot No. 3 fronted. The testimony referred to tended to show that the true south boundary line of the defendants' property might be further south than 90 feet from what is now regarded as the south line of the street in front of that property; and it also tended to show that the Hoods and N. Cass had agreed that the south line of the Cass property should be where the old fence was located; and therefore we hold that the court should have submitted to the jury, under proper instructions, and required a finding as to the true location of the south boundary line of the defendants' property.

We also hold that the trial court should have given appellants' requested instruction, placing a limitation upon the testimony of the witnesses Elbert Hood and Otto Zavisch, as complained of in the seventh assignment of error.

Appellants' third requested instruction, by which it was sought to apply the 10-year statute of limitation more directly to the case as developed by the testimony than was done in the court's charge, should have been given, unless it was materially defective because it did not require a finding of use and enjoyment, which is part of the statutory definition of limitation. If a similar charge with that omission supplied should be asked at another trial, we think the court should give it.

[1] We hold that no error was committed by the court in reference to the question of 5-year statute of limitation. Limitation under that statute is available only when the party asserting it claims under a deed purporting to convey the property. Upon its face, the deed under which Mrs. Cass claims does not purport to extend more than 90 feet from the street upon which it fronts, and unless it is shown by testimony that at the time that deed was made the line of the street was located further north, or that the parties agreed upon a line further than 90 feet from the street as constituting the south line of the Cass property, the land asserted by the plaintiffs to constitute the alley was not included in the deed from the Hoods to N. Cass, and that is the deed under which it is sought to render available the 5-year statute of limitation. If upon another trial the jury should determine that the south line of the Cass property is where Mrs. Cass claims it to be, then she will show title to the strip of land which plaintiffs claim is the alley in question, and she will not need any statute of limitation to bolster her claim.

Some other questions are presented in appellants' brief, all of which have been duly considered and are decided in favor of appellees. However, we suggest that upon another trial the court should submit to the

jury clearly and distinctly, and require them to find the amount of damage, if any, which plaintiffs have sustained because of the defendants' obstruction of the alley, if the jury find that it is located where the plaintiffs contend it is.

On account of the errors heretofore pointed out, the judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

[2] Appellees have presented to this court a motion for rehearing, challenging the statements in our former opinion to the effect that the testimony raised the issues of boundary; of encroachments by property owners on the street, which might result in the beginning corner of the Cass property being located farther north than what is now supposed to be that corner; and also tending to show that the Hoods and their vendee, Dr. Cass, had agreed that the south line of the Cass property should be where the old fence was located, and that the court should have submitted those issues to the jury.

After very careful and repeated examinations of the statement of facts, we have reached the conclusion that appellees' contention on the points referred to is correct, and that part of our opinion is withdrawn; and we hold that no error was committed in refusing to submit those issues to the jury.

We are also of the opinion that we fell into error in holding that the trial court should have given a requested instruction, placing a limitation upon the testimony of the witnesses Elbert Hood and Otto Zavisch. Appellees had pleaded title by the 10-year statute of limitation, and we are now of the opinion that the testimony of the witnesses referred to was admissible as tending to sustain that plea. However, we sustain appellants' third assignment of error, and hold that the trial court should have given the following instruction, requested by them:

"If you find and believe from the evidence that Dr. Cass at any time after the purchase of said land by him as shown by his deed took the actual and ·visible possession of all of said land north of said partition fence and that he or his surviving· wife held it for a continuous period of 10 years in adverse and actual possession, and that during said time he did not recognize the right or ownership of any other person therein, then you are instructed that the first question propounded to you in the main charge should be answered in the affirmative."

[3] The court in the main charge instructed the jury, in general terms, as to the 10-year statute of limitation, and then, instead of requiring the jury to make a specific finding as to the different facts necessary to establish such limitation, submitted to them issue No. 1, as set out in our former opinion, which required the jury to find whether or not the plaintiffs' cause of action was barred by the statute of 10-year limitation. While the course pursued by the trial court did not constitute affirmative error, appellants had . the right to have the issue of limitation, as raised by the pleadings and evidence, clearly, distinctly, and affirmatively submitted to the jury, with as much detail as the special charge contained. Railway v. Shieder, 88 Tex. 166, 30 S. W. 902, 28 L. ·R. A. 528; Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1048; Railway v. Rogers, 91 Tex. 52, 40 S. W. 956; Railway v. Patterson, 20 Tex. Civ. App. 255, 48 S. W. 747.

In the cases cited, the court, in general terms, charged on the law of contributory negligence, but in the McGlamory Case the Supreme Court said:

"But the charge of the court nowhere undertakes to apply the law to the evidence adduced in support of said special plea of contributory negligence. This being true, the correct rule is that defendants had the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specific group of facts which, if true, would in law establish such plea, and instructing them that if they found such group of facts to be established by the evidence to find for defendants, and this would be true if proper charges had been asked as to each of the several special pleas of contributory negligence presented by the record. Any other rule would deprive litigants of their right to have the court explain to the jury the principles of law applicable to the very facts constituting a cause of action or defense, so that they may intelligently pass upon the various complicated issues frequently presented for their determination in one case under our practice."

And in the Rogers Case, after approving the McGlamory Case, the court said:

"It is especially appropriate in this class of cases to submit to the jury the group of facts which it is claimed constitutes negligence of either party, and to instruct them what to do if they find the facts to be true, or not. Such a charge directs the minds of the jury to the very facts in issue, and invokes their judgment upon the evidence relative to that issue."

[4] In the case at bar, if the requested charge had been given, it would have directed the minds of the jury to the very facts in issue, and invoked their judgment upon the evidence relative to such issues. Counsel for appellees have urged two objections to the form of that charge, which are: First, that it does not require a finding of cultivation, use, or enjoyment of property; and, second, that it does not require a finding of adverse possession for 10 years prior to the commencement of the suit.

We have reached the conclusion that it was not necessary in this case, as developed by the undisputed testimony, that the requested charge should require a finding in

the two particulars referred to. We say this because the undisputed testimony shows that the Milam County Lumber Company, a tenant of Dr. Cass and Mrs. Cass, had been in possession of the strip of land in controversy for more than 10 years before the suit was brought, and that its possession was evidenced by the use of the land for the purpose of stacking lumber upon it. Such being the undisputed testimony concerning possession and use for more than 10 years, the only material question was whether or not such possession and use was adverse to the plaintiffs. Upon that issue there was sharp conflict in the testimony.

Appellants' requested charge No. 6 was properly refused because it assumed that Dr. Cass purchased from the Hoods the strip of land in controversy; while the description given in the deed shows that such was not the fact, and that he and those claiming under him were not entitled to hold the strip in controversy, nor prevent its use as an alley, unless they had acquired such right by the 10-year statute of limitation. The charge referred to undertook to advise the jury as to the law of interruption of possession as applied to this case; and it will be proper for the trial court to give some such charge, if the objection referred to is omitted.

Upon the other points in the case, we adhere to the ruling made in our former opinion. But for the reasons stated, this motion, except as herein noted, is overruled.

Motion overruled.