## MORGAN v. DARLINGTON.
### No. 5694.

Court of Civil Appeals of Texas. Amarillo.
Jan. 14, 1946.

Rehearing Denied Feb. 18, 1946.

Jack M. Randal, of Lubbock, for appellant.

Sam J. Hamilton, of Memphis, for appellee.

BOYCE, Justice.

The appellee, P. S. Darlington, instituted this action in trespass to try title for the purpose of recovering from appellant, Mrs. R. A. Morgan, a widow, 23 acres of land out of Section 65, Block 2, T. & P. Railway Company Surveys in Hall County. Appellant's defenses were that the 23 acres were included in a tract of land belonging to her out of the north part of Section 22, Block 2, instead of in Section 65; that the predecessors in title of the parties to this suit, by acquiescence in the location of a fence, had agreed that the north line of Section 22 was so located as to include the 23 acres in the tract of land belonging to appellant; and that appellant had acquired title to the 23 acres by adverse possession under the five- and ten-year statutes of limitation. The case was tried by the court without the intervention of a jury and judgment was entered that appellee recover the title to, and possession of, the land in controversy. Appellant's points of error on this appeal involve the defenses above listed.

Section 65 lies immediately north of and adjoins Section 22. L. H. Mullens was the common source of title. Appellee claims under a deed of trust given by Mullens in which the 23 acres out of Section 65 are described by metes and bounds. The field notes of the tract commence at the southwest corner with a call for that corner to be the northwest corner of Section 22; the southeast corner of the tract is given as the northeast corner of Section 22; the field notes thus call for the south line of the 23-acre tract to coincide with the north line of Section 22. Appellant derives her title through another deed of trust given by Mullens in which the land conveyed is described as being "120 acres off of and across the north end of Section 22."

In his petition appellee used the same description of the 23-acre tract as contained in the deed of trust. To sup-

port his allegations appellee introduced as a witness the County Surveyor of Hall County, W. A. Thompson. This witness testified that he had surveyed the 23-acre tract and had tied it to corners recognized as having been established in the original survey of the block; that he had also surveyed the north 120 acres of Section 22; that there was no conflict between the boundaries of the 23-acre tract and appellant's land in Section 22; and that he had made a plat of his work. The plat was introduced in evidence; according to it the south boundary of the 23-acre tract coincides with the north boundary of Section 22. The trial court's finding that there is no conflict between the boundaries of the two tracts is supported by the testimony ·of the witness Thompson and is therefore binding on this Court. Postal Mutual Indemnity Co. v. Greene, Tex.Civ. App., 180 S.W.2d 220, writ of error refused for want of merit.

■ Both tracts were in one enclosure. The north fence was located on the north line of the 23-acre tract. If the testimony of the appellant's witness Bullock showed that a remote grantor of Mullens had, by acquiescence in the location of the fence, agreed that it marked the north line of Section 22, there is no testimony that Mullens or either of the parties to this suit relied on such agreement or knew anything about it. Whatever agreement there may have been was not therefore binding on the parties to this suit. Cummings v. Williams, Tex.Civ.App., 269 S.W. 845, writ of error dismissed; Taylor v. Blackwell, Tex.Civ.App., 105 S.W. 214. The deeds of trust executed by Mullens described the 23 acres mortgaged to appellee as being in Section 65 and the 120 acres mortgaged to appellant as being in Section 22; no reference to the fence is made in either instrument.

■ Our conclusion being that the 23-acre tract is in Section 65, the deed to appellant of land out of Section 22 is not sufficient to support her claim under the five-year statute of limitation. Cass v. Green, Tex.Civ.App., 224 S.W. 938; Moore v. McDonald, Tex.Civ.App., 298 S.W. 662, writ of error dismissed.

Appellant acquired title on May 2, 1933, by purchase at a trustee's sale, of the 120 acres out of Section 22. She immediately took possession of the 120 acres and the 23-acre tract out of Section 65. Her evidence shows possession of a character sufficient to ripen into title under the ten-year statute of limitation provided appellee's cause of action accrued more than ten years prior to the filing of the suit.

Mullens acquired title to the 23-acre tract out of Section 65 by conveyance from H. Lott. In the deed from Lott to Mullens a vendor's lien was retained to secure the payment of a note therein described. On July 10, 1928 a deed of trust was executed by Mullens and wife to secure the payment of a note of the same date payable to the order of Walter Darlington five years thereafter. In the deed of trust it was recited that the debt represented by the note constituted money furnished the makers by Walter Darlington at the special instance and request of the makers for the purpose of taking up and extending the vendor's lien note previously given to Lott. Appellee, P. S. Darlington, became the owner of the note described in the deed of trust by virtue of an assignment from Walter Darlington. Default was made in the payment of interest due on the note on July 10, 1930 and in the payment of principal and interest thereafter due. Appellee caused the land securing the payment of the note to be sold under the terms of the deed of trust and bought the land in at the trustee's sale on June 2, 1937.

■■ By advancing the money to take up and extend the vendor's lien note, Walter Darlington, at most, became subrogated to the vendor's lien held by Lott. Darlington did not, by this transaction, acquire Lott's superior legal title to the land. Hatton v. Bodan Lumber Co., 57 Tex.Civ. App. 478, 123 S.W. 163, writ of error refused; Jordan v. Jordan, Tex.Civ.App., 154 S.W. 359, writ of error refused. There is no evidence of a conveyance from Lott to Walter Darlington, or to appellee, of the superior legal title to the land. It follows that prior to the foreclosure sale appellee's only interest in the land was that of a lienholder. His title and right to possession did not vest until he bought the land at the foreclosure sale on June 2, 1937 and his cause of action did not accrue until that date. Warnecke v. Broad, 138 Tex. 631, 161 S.W.2d 453. He filed this suit on January 20, 1944 and thereby defeated appellant's claim under the ten-year statute of limitation.

For the reasons stated, the judgment is affirmed.