INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. CLARACY JACKSON ET AL.

Decided November 29, 1905.

**1.—Negligence—Contributory Negligence—Discovered Peril.**

Evidence considered, but not stated, in case of one run over by a passenger train backing into station, held sufficient to support a finding of negligence on the part of the defendant company and due care by deceased, and also to raise the issue of negligence by defendant after discovering deceased's peril.

**2.—Charge—Refusal of Instructions Already Covered.**

It is not error to refuse a charge putting the burden of proving defendant's negligence on the plaintiff, where the general charge given has that effect.

**3.—Charge—Care in all Respects.**

A charge requiring of defendant care in "all respects" should be so modi-
fied as to apply the requirement only to matters in which it owed a duty.

**4.—Charge—Negligence.**

ᵤₛ A charge that if defendant, a railway, failed to use ordinary care in moving
its train and injury resulted, such failure would be negligence, is not held
erroneous, but criticised for failing to leave the question of negligence under
the circumstances to the jury.

**5.—Charge—Contributory Negligence—Burden of Proof.**

A charge to find for plaintiff if injury resulted from defendant's negli-
gence, unless they should find that the injured party was guilty of contributory
negligence, does not state the burden of proving contributory negligence im-
properly.

**6.—Charge—Contributory Negligence—Ability to See or Hear.**

Where the charge submitted the issue of contributory negligence on the
hypothesis that the injured party, who, defendant claimed, was intoxicated,
could have seen or heard the approaching train, defendant was entitled to have
given a requested instruction submitting such issue of negligence on the
hypothesis that it could and would have been seen or heard by a man of
ordinary prudence.

**7.—Same—Warnings.**

So also, where the charge made the contributory negligence of the injured
party depend on his ability to hear and heed warnings of an approaching train,
it was not erroneous, though a charge submitting his conduct as negligence
precluding a recovery if a person exercising ordinary care would have heard
and heeded them, should have been given if requested.

**8.—Charge—Negligence—Degree of Care.**

It was correct to require of those operating a train, on discovering one in
place of peril, the use of every means in their power, consistent with the safety
of the train, to stop in time to prevent injury; but, it seems, too much is
required when defendant is relieved from liability only where it is "impossible"
to stop in time.

**9.—Contributory Negligence—Intoxication—Specific Instruction.**

Where the pleadings and evidence raised that issue, defendant was entitled
to have given a requested instruction presenting specifically as a defense the
voluntary intoxication of the injured person making him unable to exercise
ordinary care.

**10—Negligence—Speed of Train—City Ordinance.**

The violation of a city ordinance limiting the speed of trains may be
pronounced negligence in law, but is only actionable when it caused the injury,
and the better form of charge would be to leave the question of legal negligence
to the jury along with the negligence in fact.

**11.—Negligence—Unusual Appliances.**

Where the failure to have a "cow catcher" on the rear of a train when
backing into a station was alleged as negligence it was advisable to give a
requested charge that the defendant had a right to operate its trains as persons
of ordinary prudence engaged in such business usually did.

Appeal from the District Court of McLennan County. Tried below
before Hon. Marshall Surratt.

*N. A. Stedman* and *Baker & Thomas,* for appellant.—That the de-
ceased Lewis Jackson was guilty, as a matter of law, of contributory neg-
ligence. International & G. N. Ry. v. DeOllos, 76 S. W. Rep., 222;

Gulf, C. & S. F. Ry. v. Miller, 70 S. W. Rep., 25; Houston & T. C. Ry. v. Smith, 77 Texas, 181; Hoover v. Texas & P. Ry., 61 Texas, 505; Galveston, H. & S. A. Ry. v. Bracken, 59 Texas, 13; Houston & T. C. Ry. v. Richards, 59 Texas, 375.

Almost the precise charge complained of in this case, has been held to be error. International & G. N. Ry. v. McDonald, 75 Texas, 47-8; Ordinary care is the degree of care required. Austin & N. W. Ry. v. Beatty, 73 Texas, 592; Houston & T. C. Ry. v. Sympkins, 54 Texas, 622; Houston & T. C. Ry. v. Smith, 52 Texas, 178; International & G. N. Ry. v. Smith, 62 Texas, 254.

Where facts are pleaded and proven by appellant, it has the right to a charge, applying the law to such facts, although the court may have charged the law in the abstract. Missouri, K. & T. Ry. v. McGlamory, 89 Texas, 638-9; Gulf, C. & S. F. Ry. v. Hamilton, 28 S. W. Rep., 906; Gulf, C. & S. F. Ry. v. Shieder, 88 Texas, 166.

Under similar circumstances, to the case at bar, it was held error to refuse the charge here requested, upon the ground that the right existed to have the law applied to the facts. Missouri, K. & T. Ry. v. McGlamory, 89 Texas, 638-9. The McGlamory case is approved, and the rule of applying the law to the facts reaffirmed. Missouri, K. & T. Ry. v. Rogers, 91 Texas, 58; City of Dallas v. Jones, 93 Texas, 44; Neville v. Mitchell, 66 S. W. Rep., 581.

The charge that defendant had a right to operate its trains in the same manner and form as persons of ordinary prudence engaged in similar business set forth in the fifteenth assignment of error was an application of the law to the facts, and should have been given, and because it is the law of this case under the undisputed evidence admitted without objection. Texas & P. Ry. v. Mangham, 68 Texas, 342; St. Louis S. W. Ry. v. Hall, 98 Texas, 480; Missouri, K. & T. Ry. v. McGlamory, 89 Texas, 638-9.

*S. P. Ross* and *Abe Gross,* for appellee.—Louis Jackson was not guilty of contributory negligence as a matter of law in failing to look or listen before stepping upon defendant's tracks. St. Louis, etc., Ry. Co. v. Morgan, 64 S. W. Rep., 688; Galveston, etc., Ry. Co. v. Harris, 22 Texas Civ. App., 19; 6 Cyc., p. 642, No. 2.

The court did not err in refusing special charge No. 5 for the reason that it had properly charged the law upon that subject and said requested special charge was erroneous in that it was upon the weight of the evidence and further singled out a fact which was not alleged as an act of contributory negligence, but merely as an insertion of a part of defendant's evidence in its pleadings. Gulf, etc., Ry. v. Renfro, 69 S. W. Rep., 648; Houston, etc., Ry. Co. v. Powell, 41 S. W. Rep., 695; Gulf, etc., Ry. v. Scott, 27 S. W. Rep., 827-8.

FISHER, CHIEF JUSTICE.—This is a suit by appellee to recover damages for the alleged negligent killing of Louis Jackson, the husband of the appellee, Claracy Jackson. Verdict and judgment were in appellee's favor for the sum of $875.50.

Substantially, it is alleged in plaintiff's petition that the deceased Jackson was killed and run over by one of appellant's trains in backing

into the depot in the city of Waco; that the deceased was rightfully at the depot and was crossing the track at the time he was killed; that the appellant's train noiselessly backed into the depot at a dangerous and high rate of speed, to wit, at 16 miles an hour, in violation of an ordinance of the city as to the rate of speed; that the train was negligently backed in, instead of headed in; that those operating the train did not have the same under control; that no one announced the arrival and departure of trains; that there was no sufficient whistle on the back end of the passenger train that was backing in; that the bell was not rung nor the whistle blown; that it did not have a guard or pilot or cowcatcher on the end that was backing in; that it gave no signal and had no one in charge on the back end; that there was no sufficient lookout for the deceased, and that the deceased's dangerous situation upon the track was discovered in time to prevent running over him, and that there was no diligence exercised to stop the train.

The appellant pleaded that the deceased was guilty of contributory negligence in being upon the track, and that he knew, or by the exercise of ordinary care, might have known that defendant's train at the time and place of the accident was in motion, and that it was being backed into the defendant's depot; that he walked along and immediately in front and in plain view of the backing cars; that by looking and listening he could have seen and heard the approach of the defendant's cars and could have avoided the accident; that the train was being backed in slowly at the time of the accident; that the deceased was warned by persons present immediately before and at the time of the accident of his dangerous position; that the bell was being rung and the whistle was blown; that he negligently walked in front of the back end of the moving train, and when he was discovered, it was impossible to stop the train before striking him. The answer further avers "that deceased, before and at the time of the accident, was under the influence of intoxicating liquors, of which fact this defendant did not know and had no means of knowing, and here says that but for the contributory negligence of said Louis Jackson, as hereinbefore alleged, said accident would not have happened."

Appellant's first assignment of error complains of the verdict upon the ground that the appellant was not guilty of negligence, and that it used all means within its power, after the discovery of the dangerous situation of Jackson, to stop the train, and that the deceased Jackson was guilty of contributory negligence, as alleged in its answer. We are not prepared to say that this assignment is well taken. It is a close case on the facts with reference to the issue of contributory negligence; but there is some evidence in the record that would possibly justify the conclusion that the deceased was not guilty of contributory negligence. But, independent of this, and conceding that he did not exercise proper care at the time he went upon the track, the issue of discovered peril under the facts is in the case, and it was a question for the consideration of the jury as to whether or not, from the time that his position upon the track and his perilous situation was actually discovered, the train could and should have been stopped. As to the question of the negligence of the railway company, in some of the respects alleged in plaintiffs' petition, there is evidence.

In view of the general charge of the court, there was no error in refusing the special instruction set out under the third assignment of error. The charge did place the burden upon the plaintiffs to establish their averments of negligence by a preponderance of the evidence.

The fourth assignment of error complains of that part of the fourth paragraph of the charge of the court which required the defendant's servants in charge of the train to exercise ordinary care in all respects in moving the train into the depot to prevent injury to persons at the depot, etc. The objection is to the words "all respects." Of course, the trial court evidently only intended that the company would be liable only for actionable negligence in failing to perform its duty in those respects alleged and established by the evidence; and upon another trial, this objection will doubtless be obviated.

We find no reversible error as stated under the 5th assignment.

Another objection is urged to the fourth paragraph of the court's charge by the sixth assignment of error. It is there contended that this subdivision of the charge is upon the weight of evidence. The court in this charge substantially instructed the jury that the burden rested upon the railway company to exercise ordinary care in moving its train into the depot to prevent injury to persons about the depot; and if they failed to exercise such care in either of the respects as charged, and Louis Jackson was injured as a result of such failure, such failure would be an act of negligence upon the part of the defendant. The contention is that the concluding expression, to the effect that such failure would constitute negligence, is an invasion of the province of the jury; that it was a question of fact for them to determine as to whether the failure to exercise ordinary care under the circumstances would be negligence. It would be best, in submitting questions of this kind, to leave it to the jury to determine, whether or not the acts complained of constituted negligence. But we are not prepared to say that a charge submitting the question in this way would be erroneous.

The court is correct, in the instruction, in informing the jury that the duty rested upon the railway company to exercise ordinary care in moving its trains into the depot to prevent injury to persons about the depot; and if it was true that the railway company, in the performance of this duty, failed to exercise such care in either of the respects as charged, and the deceased sustained his injuries by reason of that fact, then such failure would be negligence. The failure to exercise ordinary care under these circumstances, and as a result the deceased was killed, such conduct would be tantamount in law to negligence. The charge left it to the jury to determine whether the railway company, under the circumstances, failed to exercise ordinary care; and also what, if any, was the proximate result of such failure.

We find no objection to the charge as urged in the seventh assignment of error.

The fifth paragraph of the charge, which is complained of in the eighth assignment of error, does not place the burden, as contended, upon the plaintiffs to prove that Louis Jackson was not guilty of contributory negligence. It instructs the jury that the burden as to negligence was upon the plaintiffs, and that the plaintiffs were entitled to recover, provided one or more of the acts of negligence were proven,

and the jury should find the same to be the proximate cause of the death of the deceased, unless they should find that Louis Jackson was guilty of contributory negligence.

The ninth assignment of error complains of the sixth subdivision of the charge of the court on the subject of looking and listening. It was contended by the defendant that Jackson, by looking and listening, or by the exercise of ordinary care to discover the approach of the train, could have discovered his danger. The court in the charge in submitting this defense, together with the others urged by the defendant, stated to the jury that if Jackson, by looking and listening, could have seen or heard the approach of defendant's cars and could have avoided the accident, and that he did neither, and that in so acting he was guilty of contributory negligence, as defined, then the defendant was not liable. The appellant could not object to this charge. If the facts submitted were found to be true, the plaintiffs could not recover, and the charge, as far as it went, was a proper submission of the issue of looking and listening. But while this is true, the question arises, in this connection, did the court err in refusing to give special charge No. 3 requested by appellant, which is as follows: "If you believe from the evidence that Lewis Jackson by looking could have seen and by listening could have heard the approach of the backing car which ran over him, and that he failed to do both or either, and that such failure is negligence and the proximate cause of the injury which resulted in his death; and you believe a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances would have looked or listened for said backing car and would have seen or heard it, or both, in time to avoid said injury, and in this connection you believe that the defendant's employes in charge, after discovering the perilous condition of said Lewis Jackson, and the danger of his being backed over by said car, as you may find from the evidence, used every means in their power to avert said danger and avoid said injury, you will find for the defendant."

The proposition embraced in this charge, and which would have called the question affirmatively to the attention of the jury, and which had evidence to support it, is that it was a question of fact as to whether or not a person situated as Jackson was should have exercised ordinary care to look and listen; and if in the exercise of that care he could have discovered or heard the approach of the train he would be held responsible for such failure. We are of the opinion that this special instruction should have been given, of course, subject to the question of liability that might arise as also admitted in this charge after the perilous situation of Jackson was actually discovered.

We are of the opinion that the objection to the charge as urged in the tenth assignment of error, presents no reversible error. Special instruction No. 4, which was requested in order to cure the supposed error in the charge of the court, was properly refused. The theory presented by the refused instruction is practically covered by the special charge just quoted, which we have held it would have been proper for the court to give.

This portion of subdivision 6 of the charge is also objected to: "Or that he attempted to walk across defendant's track a few feet from the end of its backing cars, and so near thereto when his danger was dis-

covered by defendant that it was impossible for defendant, by the use of every means then within its power, consistent with the safety of the train, to stop said car in time to prevent the injury, then in so doing he was guilty of contributory negligence, etc., to find for defendant." The objection urged to this portion of the charge is that it placed the duty upon the defendant to use all possible means after the peril was discovered, consistent with the safety of the train, to stop it. This charge is immediately followed by subdivision 7, which instructs the jury that if those in charge of the train knew of Jackson's peril in time to avoid running him down by using every means within their power, consistent with the safety of the train, and that they failed so to do, then to find for the plaintiffs. It is contended that all that was required was the exercise of ordinary care by the servants to stop the progress of the train. The use of the word "impossible" will probably not occur again in the charge; and, eliminating this word, we are inclined to the opinion that the charge of the court will be correct. It is substantially in accord with the rule announced in Texas & P. Ry. Co. v. Breadow, 90 Texas, 31; Texas & P. Ry. v. Staggs, 90 Texas, 461. In Ft. Worth & R. G. Ry. v. Bowen, 95 Texas, 365, it is held that a charge is proper which instructs the jury to use all reasonable efforts at hand to avert the accident.

The charge submitted under the eleventh assignment of error is substantially the same as that passed upon under the ninth assignment of error, which we have held it would be proper for the court to give. Therefore, it would not be proper for the court to repeat this charge by giving the one requested as set out under the eleventh assignment.

The twelfth assignment of error, and the principal one upon which we reverse the judgment of the trial court, complains of the refusal of the court to give the following charge: "In your consideration of the evidence, if any, upon the subject of contributory negligence upon the part of Louis Jackson, if you believe from the evidence that at the time he was backed over by the backing car, he was in a condition of voluntary intoxication, then you have the right to take that fact into consideration in determining whether or not he was unable to exercise the care and caution that a reasonably prudent person would have exercised to avoid injury to himself under the same or similar circumstances." The general charge of the court did not embrace this question, and the charge submitted, and which was refused, is substantially the same as that considered in the case of Missouri, K. & T. Ry. v. McGlamory, 89 Texas, 638. There is evidence tending to show that at the time that Jackson was run over and struck by the moving car, he was drunk or was drinking. The appellees contend that this question was not pleaded as an issue of contributory negligence. We construe the pleadings otherwise. The trial court in its charge recognized that this was an issue, because it stated to the jury that this was one of the facts bearing upon the issue of contributory negligence pleaded by the appellant.

We overrule the thirteenth assignment of error.

The court is correct in the charge complained of under the fourteenth assignment of error. A violation of the ordinance would make the appellant guilty of negligence; but of course, in order to make it actionable negligence, the failure to perform the duty required by the ordinance

must have been a proximate cause of the injury. It is always best to submit the legal negligence along with the negligence in fact. That is, while it is true the jury should be instructed that the failure to observe the ordinance would be negligence, they should also, in the same connection, be instructed that the plaintiff could only recover in the event such negligence was a proximate cause of the injury. The charge in this instance does, in general terms, so instruct the jury; and possibly, in this instance, the jury may not have been misled, but the better practice would be as suggested.

In view of some of the peculiar facts of this case, we are inclined to the opinion that it will be proper for the court upon another trial to give the charge set out under appellant's fifteenth assignment of error.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*