**TEXAS & PACIFIC COAL CO. v. SHERBLEY. (No. 938.)**

(Court of Civil Appeals of Texas. El Paso. May 15, 1919.)

1. **MASTER AND SERVANT ⟨Key⟩259(2)—INJURIES TO SERVANT—PLEADING.**

In an action by a servant against an employer amenable to the provisions of the Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), but who has not qualified, allegation that "the defendant, its agents and servants, negligently," etc., "turned the switch," is sufficient upon general demurrer under article 5246h, subd. 4, although a special exception pointing out that no particular servant was named, and that there was no allegation that the person or employé was acting within the scope of his employment, would be sustained.

2. **MASTER AND SERVANT ⟨Key⟩168(3)—INJURIES TO SERVANT—NEGLIGENCE.**

In an action by a servant for personal injuries against an employer amenable to the

provisions of Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), but not having qualified, recovery could be had, under article 5246h, subd. 4, for negligence of the employer in hiring an inexperienced and incompetent employé.

3. **MASTER AND SERVANT ⟨Key⟩173—INJURIES TO SERVANT—INCOMPETENT SERVANTS.**

In an action by a servant for injuries against an employer amenable to the provisions of the Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), but not having qualified, it is necessary, in order to recover on the ground of negligence of the employer in hiring inexperienced and incompetent servants, to allege and prove that the employer knew of the inexperience and incompetency of the servant, or should have known it.

4. **MASTER AND SERVANT ⟨Key⟩271(1) — EVIDENCE—COMPETENCY OF FELLOW SERVANT.**

In an action by an injured servant based on negligence of the master in hiring inexperienced and incompetent trapper boy, testimony that witness had not seen him trap before and testimony of the boy that he had not trapped before is proper and admissible.

5. **MASTER AND SERVANT ⟨Key⟩271(3) — EVIDENCE—COMPETENCY OF FELLOW SERVANT—NOTICE.**

In an action by an injured servant based on negligence in hiring an inexperienced and incompetent servant, declaration made by plaintiff to one occupying the position of vice principal regarding such servant that "he would get somebody killed by putting that boy on the trap" was admissible to show that employer had notice of the incompetency.

6. **MASTER AND SERVANT ⟨Key⟩264(7)—PLEADING AND PROOF—INCOMPETENCY OF FELLOW SERVANT.**

In an action by a servant for personal injuries, it was error to admit evidence of incompetency of another who caused the injury, in the absence of an allegation that the employer knew of such incompetency.

7. **MASTER AND SERVANT ⟨Key⟩258(15) — INJURIES TO SERVANT—PLEADING.**

In an action by a servant for injuries, an allegation "that it was the duty of defendant to properly light said mine, and that it failed to perform said duty, that, if it had been properly lighted, plaintiff might have discovered that the switch was turned wrong, and might have avoided injury," was not subject to general demurrer.

8. **APPEAL AND ERROR ⟨Key⟩1062(1)—HARMLESS ERROR—SUBMISSION OF ISSUES.**

Submission of ground of negligence, not supported by sufficient evidence, was harmless, where the jury found against such ground of negligence.

9. **EVIDENCE ⟨Key⟩535 — OPINION EVIDENCE—POORLY LIGHTED MINE.**

In an action by mine employé for personal injuries, based on ground that mine was not properly lighted, testimony of witness that the

mine was "poorly lighted" at that point of accident should not be admitted, unless the witness qualifies as an expert.

10. WITNESSES &#9758;352 — IMPEACHMENT—EVIDENCE.

It was improper to allow a witness for plaintiff to testify that a witness for defendant in a personal injury suit told him that a doctor had said that his (defendant's) witness' testimony was worth $1,500; such testimony having no tendency to impeach the witness, nor prove any fact pertinent to the issue.

11. TRIAL &#9758;251(8)—INSTRUCTION—APPLICABILITY TO ISSUES.

In servant's action for injuries occasioned by the improper turning of a switch by another servant, in submitting the question of negligence as to turning a switch the charge should be confined to such single servant, and a charge, "Was defendant, through its employés or agents, guilty of 'negligence' * * * in turning the switch in wrong manner, if it or they did so, and in failing to notify plaintiff as to how said switch was turned?" was improper.

12. TRIAL &#9758;191(11) — INSTRUCTIONS — ASSUMPTION AS TO FACTS.

In servant's action for injuries, a charge: "What damage, if any, has plaintiff sustained by reason of the injuries alleged by him? In answering state the amount, if any, in figures, in dollars, or in dollars and cents, just as you find"—was improper, in that it assumed the liability of the defendant.

13. TRIAL &#9758;191(11) — INSTRUCTIONS — ASSUMPTION.

In servant's action for injuries, a charge that as a guide in answering special issue jury should assess plaintiff's damages, if any they find he has sustained, at such sum, etc., *held* improper as assuming negligence.

14. MASTER AND SERVANT &#9758;204(1) — INJURIES TO SERVANT—ASSUMPTION OF RISK—EMPLOYERS' LIABILITY ACT.

In an action against an employer amenable to the provisions of the Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), but not having qualified, assumption of risk is not a defense.

15. MASTER AND SERVANT &#9758;227(1)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—INTOXICATION.

In an action by a servant for injuries, ordinarily intoxication is simply a fact for the jury to consider in connection with all the facts and attendant circumstances in determining whether an act done by him while under such influence was negligence.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Action by Fred Sherbley against the Texas & Pacific Coal Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. J. Oxford, of Thurber, and Chandler & Pannill, of Stephenville, for appellant.
J. R. Stubblefield, of Eastland, and F. G. Morris, of El Paso, for appellee.

HARPER, C. J. Appellee, Fred Sherbley, brought this suit against the Texas & Pacific Coal Company for damages for personal injuries sustained by him in the mines of appellant while in its employ as a motorman operating an electric car on an underground railway in the mine.

For cause or causes of action he alleged:

"That on November 23, 1916, he was operating the motorcar and in the act of transporting along said railroad a number of coal cars, to be distributed to the working places of the various miners; that there are a number of main lines of track, and a number of switches which branch off from said main lines; that defendant placed an employé, known as a trapper, at a point in the main lines to operate the switches to the end that the train of cars might pass on to the proper track for their destination; that on this particular occasion plaintiff was instructed by Mike Collie, an employé of defendant, to pull some empty cars along the straight past the eighth night entry; that the said trapper caused the switch to be so adjusted that, if the car had continued on the track, it would have gone into the said eighth entry, when it was his purpose not to do so; that the trapper negligently and carelessly turned the switch in the wrong manner, and negligently failed to notify plaintiff how same was turned, and thereby caused the wreck of the motorcar and plaintiff's injury; that it was the duty of defendant, in order to avoid injury to the plaintiff, to select competent, careful, and painstaking fellow workers, and to retain in its employ only such; that defendant negligently and carelessly selected an inexperienced, negligent, and careless trapper, and retained him in his employ; that it was the duty of defendant to properly light said mine, and that it failed to perform said duty; that, if it had been properly lighted, plaintiff might have discovered that the switch was turned wrong, and might have avoided injury; that the said trapper, who was by the defendant placed at the switch, at the eighth right entry by defendant, negligently and carelessly turned the switch in the wrong direction and thereby caused the wreck of the motor and consequent injuries to plaintiff."

The defendant answered by general and special exceptions, which were overruled by the court, general denial, assumed risk, contributory negligence, and intoxication of plaintiff.

Trial to a jury, cause submitted upon special issues, and upon the answers thereto judgment was entered for plaintiff for $10,000, from which this appeal.

It will be noted that three grounds of negligence are set up. The trial court submitted them in the following manner:

"(1) Was the defendant, through its employés or agents, 'negligent' as that term has been heretofore defined, at the time and place the plaintiff was injured in turning the switch in the wrong manner, if it, or they, did so, and in failing to notify plaintiff as to how said switch was turned? Answer. Yes.

"(2) Was the defendant, through its employés or agents, 'negligent' as that term has been hereinbefore defined, in selecting and retaining in its employment, if it did do so, an incompetent or inexperienced trapper, at the time and place which plaintiff alleges that he was injured? Answer: Yes.

"(3) Was the defendant, through its employés or agents, negligent as that term has been hereinbefore defined, at the time and place defendant was injured in failing, if it did so fail, to properly light its said mine? Answer: No."

[1] First, appellant urges that the petition is subject to general demurrer, as to the first allegation of negligence, because it does not allege that an agent of the defendant acting within the scope of his employment negligently turned the switch. In support of this proposition the rule declared by Subdivision 4, art. 5246h, Vernon's Sayles' Tex. Statutes, is invoked as applicable to corporations amenable to the provisions of the Employers' Liability Act (Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246-zzzz]), but not having qualified, which reads:

"In an action to recover damages for personal injuries sustained by an employé in the course of his employment, * * * it shall not be . a defense: * * * Contributory negligence; * * * negligence of a fellow employé; * * * assumed risk.

"4. Provided, however, that in all such actions against an employer who is not a subscriber, as defined hereafter in this act, it shall be necessary to a recovery for plaintiff to prove negligence of such employer or some agent or servant of such employer, acting within the general scope of his employment."

It is alleged and proved that defendant was subject to the act and had not qualified. The allegations that "the defendant, its agents and servants, negligently," etc., "turned the switch," is sufficient upon general demurrer, but, if special exception had been directed to the pleadings pointing out that no particular servant was named, and the fact that there was no allegation that the person, employé, was acting within the scope of his employment in turning the switch, it should have been sustained. For that reason there was no error in permitting the proof that the person who operated the switch was an employé of defendant, and was acting within the scope of his employment in doing so. Nor is there any merit in the contention that the pleadings and evidence were insufficient to authorize the court to submit this as one of the grounds of negligence to the jury.

It is next urged in support of the general demurrer that the selection and employment of an inexperienced trapper is not a ground for recovery under the Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), because the appellant company is liable for the negligent acts of its employés committed within the scope of their authority, regardless of any care used in selecting them. This question is again presented for our determination under an assignment urging that the court erred in permitting plaintiff to introduce evidence as to the inexperience and incompetency of this same employé, upon the ground that there is no allegation that the defendant knew or should have known of his incompetency at the time he was employed. And it is again urged that, under the state of the pleadings and evidence, the court erred in submitting this as a ground of recovery.

[2] The negligent act which is charged in this count to be the proximate cause of this injury is charged to the employer and not the agent, to wit, the employment of an inexperienced and incompetent employé, and this is clearly included in the statute above quoted.

[3] But, in order for the appellee to recover for the negligence of the master in this respect, it is necessary to allege and prove that the master knew of the inexperience and incompetency of the servant, or should have known of it, to render him liable, and as to this there is neither allegation nor proof. Labatt, Master and Servant, § 1096; G., H. & S. A. Ry. Co. v. Faber, 63 Tex. 344; Railway Co. v. McDaniels, 107 U. S. 454, 2 Sup. Ct. 932, 27 L. Ed. 605.

[4, 5] The seventh assignment complains of the court admitting testimony of witnesses over its objection, as to the experience and competency of the trapper boy, such as, "A witness had not seen him trap before," and the testimony of the trapper boy that he had not trapped before. This upon another trial would not be improper evidence under proper pleading, as indicated next above. And declarations made by plaintiff to Mike Collie, such as that "he would get somebody killed by putting that boy on the trap," would not be improper if Collie occupied the position of vice principal to the company, so that notice to him would be notice to the company of the incompetency of the trapper, in proof of notice and retaining the boy in the service after notice of incompetency.

[6] But in the state of the record before us it was error to admit the latter testimony.

[7-9] As to the allegations of improper lighting of the mine being subject to general demurrer, we think, is not well taken; nor could the fact that the court submitted this as one of the grounds of negligence upon which recovery might be predicated be reversible error, for this reason. But for the reason that this record does not show such definite proof that improper lights in any way contributed to the accident this charge

should not have been given, however, the jury found against negligence in this respect; so we could not reverse for that reason. As to the testimony of witnesses that the mine was "poorly lighted" at the point of accident, in view of another trial, we note that, unless the witness qualifies as an expert, it would be improper to admit testimony of this character, but witness should state facts upon which the jury might base a verdict that the mine was so improperly lighted as to constitute actionable negligence.

[10] The tenth is that Ed Taylor was a witness for defendant, and a witness for plaintiff was permitted to testify that Taylor told him that a certain doctor had said that his (Taylor's) testimony in this case was worth $1,500. This was improper testimony; for it has no tendency to impeach the witness nor to prove any other fact pertinent to any issue in the case. See Jones v. Texas Electric Ry. Co., 210 S. W. 749 (advance sheets).

[11] The eleventh and twelfth complain of the following charge:

"Was the defendant, through its employés or agents, guilty of 'negligence' as that term has been hereinbefore defined, at the time and place the plaintiff was injured in turning the switch in the wrong manner, if it or they did so, and in failing to notify plaintiff as to how said switch was turned?"

There was just one person who turned the switch, and the charge should be confined to him in submitting this ground of negligence.

[12] The fifteenth assigns error to that part of the court's charge upon the measure of damages which reads:

"What damage, if any, has plaintiff sustained by reason of the injuries alleged by him? In answering state the amount, if any, in figures, in dollars, or in dollars and cents, just as you find."

The objection is that it is upon the weight of the evidence, in that it assumed the liability of the defendant. This objection is well taken. Strawn Coal Co. v. Trojan, 195 S. W. 256.

The portion of the charge quoted is followed by:

"For your guidance in answering the foregoing special issue you are instructed to assess plaintiff's damages, if any you find he has sustained, at such sum of money paid now as you may believe from the evidence will reasonably and fairly compensate him for the physical pain and mental suffering occasioned to him by reason of his alleged injury, if any, to this date, and if you believe from the evidence further that the plaintiff's injuries are permanent, and that his earning capacity in the future is impaired, and that he will suffer physical pain and mental anguish in the future, then at such further sum paid now as you may believe from the evidence will reasonably and fairly compensate him for his decreased capacity to earn money in the future, and for such physical pain and mental suffering as you may believe from the evidence he will sustain in the future by reason of his said injuries."

[13] The attack upon this is that it also assumes negligence, and that there is no evidence of decreased earning capacity. We think both are well taken.

[14] The eighteenth is to the refusal of special charge upon assumed risk. Assumed risk is not now a defense as to this defendant.

The nineteenth complains of the refusal of the special issue requested by defendant: "Was plaintiff intoxicated at the time he received his injury?"

[15] The question was properly submitted by the court in its relation to contributory negligence. The rule is that ordinarily intoxication is simply a fact for the jury to consider in connection with all the facts and attendant circumstances, in determining whether an act done by the party while under such influence was negligence. I. & G. N. Ry. Co. v. Jackson, 41 Tex. Civ. App. 51, 90 S. W. 918.

There are many other assignments, but, if they suggest error, they are not likely to occur upon another trial.

The questions of negligence of defendant and of contributory negligence of plaintiff are closely contested issues in this case, and we consider it very necessary that the case should go to the jury by such charges from the court as are free from suggestions that either party was guilty of such negligence as to be the proximate cause of the accident and consequent injury to plaintiff. To that end, for the errors pointed out above, the cause is reversed and remanded for a new trial.