**ST. LOUIS, S. F. & T. RY. CO. et al. v. MORGAN et al. (No. 2243.)**

(Court of Civil Appeals of Texas. Texarkana. March 25, 1920. Rehearing Denied April 8, 1920.)

1. **Appeal and error ⬅1070(2)—Insufficiency of special finding as to negligence held not reversible in view of other negligence.**

In action for death of automobile driver at crossing, special finding that trainmen failed to blow whistle and ring bell on approaching crossing as required by Vernon's Ann. Civ. St. 1914, art. 6564, even if not warranted by the testimony, was not reversible error in view of actionable negligence on part of railroad in failing to maintain crossing in reasonably safe condition as required by articles 6485 and 6494, and in operating engine and train at an unusual and dangerous rate of speed.

2. **Railroads ⬅325(3) — Intoxication, though considered, is not in itself contributory negligence.**

That automobile driver approaching crossing was under the influence of intoxicants would be a fact that jury had a right to consider in determining whether he was guilty of contributory negligence, but it would not of itself convict him of such negligence.

3. **Railroads ⬅350(16)—Automobile driver's contributory negligence in attempting to cross after observing train question for jury.**

The mere fact that automobile driver approaching crossing continued over crossing after having seen approaching train did not as a matter of law make him contributorily negligent, but such fact should be considered by jury in connection with other circumstances in passing upon question of contributory negligence.

4. **Death ⬅99(4)—$10,250 to widow and $5,250 to child held not excessive.**

$10,250 verdict for surviving wife and $5,250 verdict for surviving child, for death of husband and father earning $2,500 to $3,000 a year, with life expectancy of more than 26 years, *held* not excessive.

Error from District Court, Delta County; Wm. Pierson, Judge.

Action by Lea Morgan and another against the St. Louis, San Francisco & Texas Railway Company and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

At about 12 o'clock of the night of May 19, 1917, T. L. Morgan, husband of defendant in error Lea Morgan and father of defendant in error Tommie Lee Morgan, a minor, while traveling in an automobile on a public road where it crossed a line of railway owned by plaintiffs in error at Pecan Gap, was killed by a train then being operated on said railway over said crossing. Alleging that the death of said T. L. Morgan was not due to any fault of his own, but was due to negligence on the part of plaintiffs in error, defendants in error brought this suit and recovered the judgment for $10,250 in favor of defendant in error Lea Morgan and for $5,250 in favor of defendant in error Tommie Lee Morgan, from which this appeal is prosecuted. On special issues submitted to them the jury found that plaintiffs in error were guilty of negligence as charged against them: (1) In that they failed to maintain the road crossing over their line of railway in a "reasonably safe condition for the use of the traveling public" as required by law (articles 6485 and 6494, Vernon's Statutes): (2) in that the employés in charge of the train failed to blow the whistle and ring the bell of the engine as it approached the crossing as required by law (article 6564, Vernon's Statutes): (3) in that said employés at the time of the accident were operating the engine and train at "an unusual and dangerous rate of speed." The jury also found on other issues submitted to them: (1) That deceased was not "under the influence of intoxicants" at the time the accident occurred; (2) that he was not "reckless or careless in driving onto the crossing" as he did; and (3) that he did not "fail to exercise ordinary care to ascertain if the train was approaching the crossing at the time he approached and undertook to cross same."

Edgar Wright, of Paris, and James Patteson, of Cooper, for plaintiffs in error.

Newman Phillips, of Cooper, and Clark & Sweeton, of Greenville, for defendants in error.

WILLSON, C. J. (after stating the facts as above). [1] The findings of the jury that plaintiffs in error were guilty of negligence as specified in the statement above are attacked as erroneous because not warranted by evidence before them. But we think each of said findings had evidence to support it, unless it was the finding that the failure of the employés in charge of the engine to blow the whistle and ring the bell thereof as required by law was a proximate cause of the accident resulting in the death of T. L. Morgan. Whether that one was warranted by the testimony or not need not be determined, because, if it was not, the judgment should not therefore be reversed; for actionable negligence on the part of plaintiffs in error was established by the findings that they had failed to discharge the duty the law imposed on them to keep the crossing in repair, and that the employés in charge of the engine were operating same at "an unusual and dangerous rate of speed."

[2] The finding that the deceased was not under the "influence of intoxicants" at the time he was killed is also attacked as "without evidence to sustain it." We think there was such evidence, but if we thought, instead,

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that the testimony established the fact to be to the contrary of the finding, we would not reverse the judgment; for the fact, if it was a fact, that deceased was under the influence of intoxicants, would not as a matter of law have operated to deprive defendants in error of a right to recover damages for his death as they did. That he was under the influence of intoxicants would be a fact the jury had a right to take into consideration in determining whether he was guilty of contributory negligence or not, but it would not of itself convict deceased of such negligence. Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Railway Co. v. Jackson, 41 Tex. Civ. App. 51, 90 S. W. 918; 29 Cyc. 534.

[3] On the issue as to contributory negligence on the part. of the deceased the jury found that he was not "reckless or careless in driving onto the crossing" as he did, and that he did not "fail to exercise care to ascertain if the train was approaching the crossing at the time he approached and undertook to cross the.same." On the theory that it conclusively appeared from the testimony that the deceased, had he looked, would have seen the train moving toward the crossing as he approached it, plaintiffs ·in error argue that the finding that he did not fail to exercise care was a finding, in effect, that he saw the train as he approached the crossing, and therefore that the finding was contradictory of the one that deceased was not "reckless or careless in driving onto the crossing" as he did. We agree that it appeared there was no obstruction between the deceased and the train which would have been in the way of his seeing the train as he approached the crossing, and therefore that deceased must have seen the train if he exercised care to ascertain if it was approaching the crossing, but we do not think the finding was therefore contradictory of the one that he was not "reckless or careless in driving onto the crossing." It did not follow as a matter of law that deceased was guilty of contributory negligence if, seeing the train approaching, he nevertheless undertook to drive his automobile over the crossing. Railway Co. v. Starling, 16 Tex. Civ. App. 365, 41 S. W. 181; Railway Co. v. Wagley, 15 Tex. Civ. App. 308, 40 S. W. 538; Railway Co. v. Laskowski, 47 S. W. 59. Persons with reasonable minds might very well have differed as to the nature of his act when viewing it, as it should have been viewed, in connection with other circumstances testified to by witnesses. Therefore the question as to whether deceased was guilty of negligence or not was one that should have been, as it was, submitted to the jury, notwithstanding it may have conclusively appeared from the testimony that deceased saw the train moving toward the crossing as he approached same.

[4] We have not been referred to and have not found anything in the record which indicates that the jury were influenced by any other consideration than a desire to do their duty when they found the sums they did in favor of defendants in error. Therefore, in view of the testimony showing that deceased at the time of his death was earning $2,500 to $3,000 a year and had a life expectancy of more than 26 years, the contention that the judgment is excessive will be overruled.

Assignments presenting other objections to the judgment than those disposed of by what has been said are also overruled, because we think they are without merit when considered with reference to the record.