## INTERNATIONAL HARVESTER CO. OF AMERICA v. CLEMENTS–MIDDLETON CO.

### No. 2487.

Court of Civil Appeals of Texas. El Paso. Jan. 22, 1931.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellant.

Cox & Hayden, of Abilene, for appellee.

PELPHREY, C. J.

Appellee brought this suit against appellant to recover profits lost by it on the sale of six tractors and eleven sets of implements used in connection therewith.

Appellee alleged that it had entered into a contract with appellant to represent appellant as its agent in Taylor county, Tex., during the year 1929, in the sale of the products manufactured and handled by appellant; that on or about October 26, 1929, it had on hand six tractors and a supply of repair parts; that appellant sent F. E. Jones and B. N. Roberts to it, who falsely represented to appellee that appellant had an agent who had a number of Farmall tractors sold and was entirely out of them; that it was necessary that he have six tractors at once in order to supply his trade; that if appellee would allow appellant to ship the six tractors it then had on hand to its said agent that said six tractors would immediately be replaced by appellant with new ones having thereon a new device which made them more salable than the ones appellee then had in stock; that it relied upon such false representations and delivered the tractors which it then had in stock to Jones and Roberts, who shipped them to W. T. Winters at Anson, Tex.; that the representations were made with the intent to deceive and defraud appellee and for the purpose of getting the tractors out of appellee's possession; that said representations were made in Taylor county, Tex., and that but for same appellee would not have parted with the possession and title of said tractors, but would have retained the same for its own trade; that appellant failed and refused to replace said tractors with other ones and still refuses to do so, and refuses to deliver to appellee any implements, although same were ordered during the life of appellee's distributing contract with appellant; that appellee had orders for six Farmall tractors and eleven sets of implements used in connection therewith; that same were ordered during the life of the contract between appellee and appellant; that said orders were on file in appellant's office; that appellant deliberately refused to deliver same to appellee and thereby willfully breached its contract; that but for the fraudulent conduct of

appellant in depriving appellee of the six tractors it had in stock and but for its refusal to deliver tractors to take their place and but for the refusal of appellant to fill appellee's order for implements, appellee would have received profits from the sale of said six tractors and eleven sets of implements amounting to $2,619.30, which would have been net profit for the handling of same, all of which appellee had sold during the life of its contract with appellant.

Appellant answered by general and special exceptions, general denial, and specially alleged that the contract between the parties had been mutually canceled and rescinded and that the tractors had been surrendered to appellant voluntarily by appellee in consideration of the cancellation of certain notes held by appellant for the purchase price of said tractors; that the verbal order submitted to appellant by appellee for six tractors and ten cultivators was refused by appellant as it had a right to do under the contract; that by reason of these facts appellee is estopped to assert any liability against appellant; that F. E. Jones did not make the representations alleged by appellee, and that, if he did, he acted without authority.

In response to special issues the jury found: (1) That Mr. Roberts promised appellee to replace the tractors delivered to him; (2) that appellee, on October 26, 1929, had three orders for tractors and one each for cultivators and planters, which would have been filled within a reasonable time; (3) that the net profit on each tractor would have been $312.05; (4) that the net profit on each cultivator would have been $50; (5) that the net profit on each planter would have been $33; and (6) that appellee placed with appellant, prior to November 1, 1929, an order for a sufficient number of tractors, planters, and cultivators to fill all the unfilled orders it had on October 26, 1929.

The court rendered judgment in favor of appellee for $1,019.15, and the harvester company has appealed.

### Opinion.

Appellant presents forty-five assignments of error and eighteen propositions thereunder. We shall not attempt to discuss the several propositions separately but, having reached the conclusion that the judgment must be reversed, we shall, for the sake of brevity, discuss those which we think should be sustained and such others as may arise on a subsequent trial.

■ The overruling of appellant's special exception to the effect that appellee was attempting to maintain the suit in the firm name rather than in the name of the individual members thereof, and the submitting of special issues Nos. 5, 6, and 7, in the manner in which they were submitted, constitute reversible error.

The petition begins with the allegation that:

"Clements-Middleton Company, hereinafter styled plaintiff, and complains of the International Harvester Company of America, hereinafter styled defendant, and represents:

"That plaintiff is a firm composed of L. W. Clements, James Middleton and Herbert Middleton, and that said plaintiff has its domicile in Taylor County, Texas, and that the members of said firm reside in said County and State."

All through the pleading of appellee the word "plaintiff" is used, and all its pleadings clearly show an attempt to recover in the name of the firm and not in the names of the individuals composing it.

The special exception of appellant should have been sustained. Western Grocery Co. v. K. Jata & Co. (Tex. Civ. App.) 173 S. W. 518; Scott v. Llano County Bank (Tex. Civ. App.) 85 S. W. 301.

■ Special issues 5, 6, and 7 read as follows:

"Special Issue No. 5. What was the net profit to plaintiff, if any, on each tractor? Answer in dollars and cents.

"Special Issue No. 6. What was the net profit to plaintiff, if any, on each cultivator? Answer in dollars and cents.

"Special Issue No. 7. What was the net profit, if any, on each planter? Answer in dollars and cents."

Appellant objected to these issues on the ground that in submitting them as it did the trial court assumed that a net profit would have been made by appellee and that in directing the jury to answer in dollars and cents in connection therewith it charged on the weight of the evidence.

This exception should also have been sustained. The court by the manner in which the issues were submitted clearly assumed that net profits would have arisen if the different articles had been delivered and was therefore a charge on the weight of the evidence. Texas & Pacific Coal Co. v. Sherbley (Tex. Civ. App.) 212 S. W. 758; Strawn Coal Co. v. Trojan (Tex. Civ. App.) 195 S. W. 256.

■ There also appears to be some doubt as to the right of appellee to recover any profits it may have lost on the planters and cultivators. As we understand the record, the contract upon which appellee claimed it was entitled to have them delivered to it also provided that appellant might reject all orders for additional goods. This being true, then the burden would be upon appellee to show some right to exact delivery aside from the contract.

Appellee's contention that it was entitled to a delivery of them by virtue of the agreement to replace the tractors does not appear to be supported by the evidence.

As we view the evidence, that agreement related solely to tractors and appellee did not plead that planters and cultivators were included in such agreement.

■ Appellant's contention that there being evidence that appellee was to receive used farm machinery and live stock as part of the purchase price of the tractors which it had orders for, the amount of the net profits could not be ascertained until the machinery and live stock had been disposed of cannot be sustained. The rule that appellant here asserts, might be properly applied if the extent of the damages were properly attributable to the fault of appellee. But appellee did not make this case; it was made against its will by appellant, and appellee is left to make the proof of its damage as best it can under facts over which it had no control.

Appellee, evidently acting in good faith, took the orders for tractors depending upon appellant complying with its agreement to replace the tractors delivered to its agent by appellee. To deny appellee the right to recover any profits it may have lost simply because it had agreed to take used machinery and live stock as part payment for the new tractors, and because, never having received such machinery and live stock by reason of appellant's failure to deliver the new tractors, it could not prove at what price they had been sold, would be allowing appellant to profit by and speculate upon its own wrong. This is not in accord with that justice at which the law aims.

■ The allegations of the petition to the effect that "it would have received profits off said six tractors and eleven sets of implements amounting to $2,619.30, which would have been the net profits to the plaintiff for handling said tractors and implements," were too general and indefinite, and the pleading should be more specific in order to apprise the appellant of how the profits sought to be recovered arose.

This alone might not constitute reversible error, but, upon another trial, the pleading should show the invoice price plus any expense incident to the sale of the different articles and the price at which they could have been sold.

■ There was no evidence to support the issue requested by appellant. We find no evidence to the effect that the tractors were delivered to appellant in consideration of a cancellation and delivery of the notes thereon to appellee. The issue was properly refused.

Nor do we think that special issues Nos. 2, 3, and 4, as submitted, were duplicitous.

The question as to the excessiveness of the judgment in including the sum of $50 as profits on a cultivator, which appellant claims to have delivered to appellee on the day of trial, will probably not arise on another trial, and therefore calls for no discussion.

We have carefully examined the many questions presented and have decided that the judgment must be reversed, and the cause remanded for the reasons above set forth, and it is so ordered.